(Reap. Dec. 11150)

BERBEN CORP. ET AL. v. UNITED STATES

Entry No. 40584, etc.

(Decided February 23, 1966)

*Barnes, Richardson & Colburn* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for a reappraisement enumerated in schedule A, attached to and made part of this decision, present for the court's determination the proper value for dutiable purposes of certain pistols, shotguns, and rifles, and parts thereof and fittings therefor, imported from Italy.

By stipulation of the parties hereto, the following facts have been agreed upon—

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, as follows:

(1) That the appeals for reappraisement listed in Schedule "A", hereto attached and made a part hereof, are limited to the merchandise

described on the invoices as pistols, shotguns, or rifles, with or without other words of description, and parts thereof and fittings therefor, and exported by the firm of Pietro Beretta, Italy.

(2)   That the merchandise was entered, or withdrawn from warehouse for consumption, prior to the effective date of the Customs Simplification Act of 1956.

(3)   That the facts and issues are similar in all material respects to the issue involved in *Berben Corporation* v. *United States*, Reap. Dec. 10552, and that the record therein may be incorporated herein.

(4)   That at the time of exportation such or similar merchandise was not freely offered for sale for home consumption in Italy or for exportation to the United States, and was likewise not freely offered for sale in the United States.

(5)   That at the time of exportation the cost of production of the merchandise involved herein, as defined in Sec. 402(f), Tariff Act of 1930, was the invoice value plus packing of 50 cents per shotgun and rifle, 10 cents per pistol, and 10 cents per pound of parts and fittings.

(6)   That the appeals enumerated in said Schedule "A" annexed may be submitted for decision upon the incorporated record and this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Based on the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the merchandise in issue and that said value is represented by the invoice value, plus packing of 50 cents per shotgun and rifle, 10 cents per pistol, and 10 cents per pound of parts and fittings.

Judgment will be entered accordingly.